IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) EDWON KYSER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 16-CV-542-KEW |
| (1) D.J.F. SERVICES, INC., ) | |
| a Foreign for Profit Corporation, ) | JURY TRIAL DEMANDED |
| ) | ATTORNEY'S LIEN CLAIMED |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Edwon Kyser, ("Plaintiff"), through undersigned counsel, and hereby submit the following Complaint against D.J.F. Services, Inc., ("Defendant"), and states and alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the laws of the State of Oklahoma.

2. The acts and/or omissions giving rise to this lawsuit occurred in Hughes County, State of Oklahoma.

3. This Court has jurisdiction over the parties and the subject matter of this action, pursuant to 28 U.S.C. § 1331, and this action properly lies in the Eastern District of Oklahoma, pursuant to 28 U.S.C. §1391(c), because the claims herein arose in this judicial district. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state law claims alleged herein because they are so related to the federal claims that they form part of the same case or controversy at issue herein.

### PARTIES

4. Plaintiff is, and was at all times hereinafter mentioned, domiciled in and a citizen of the

1

State of Oklahoma, and Plaintiff is a male.

5. Plaintiff is an employee as defined by Title VII of the Civil Rights Act, the Oklahoma Anti-Discrimination Act and *85 O.S. § 341*.

6. Defendant is a foreign for profit corporation, conducting business within the Eastern District of Oklahoma.

7. Defendant is an employer as defined by Title VII of the Civil Rights Act, the Oklahoma Anti-Discrimination Act.

8. In conformance with Title VII statutory prerequisites, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC has now issued a Right to Sue letter for Plaintiff. Accordingly, the filing of this action is timely made.

## OPERATIVE FACTS

9. Edwon Kyser was hired by Defendant on or about September 25, 2014 as a Floor hand/Deckhand. During his employment, Kyser was subjected to repeated physical and verbal sexual harassment by Earl Pool, his Supervisor.

10. During Kyser's employment, Pool sexually harassed Kyser by touching Kyser's butt crack, by Pool dropping his pants and telling Kyser that Pool had something for him, by Pool telling Kyser to suck on Pool's penis, by Pool texting Kyser dirty messages, by Pool asking Kyser to hold Pool's penis, and by Pool coming up behind Kyser and touching Kyser in a sexual manner.

11. This behavior made Kyser extremely uncomfortable and created a hostile working environment.

12. Kyser reported the offensive behavior to upper management, but nothing was done to

stop it.

13. Kyser continued to reject Pool's severe and egregious sexually harassing behavior, but the behavior did not stop as Defendant allowed the behavior to continue unabated.

14. This caused Kyser to fear being fired by due to the hostile work environment.

15. Other employees also witnessed the offensive sexually harassing behavior towards Kyser.

16. On about September 15, 2015, after management took no action to stop the sexually harassing behavior, Kyser was constructively discharged, in part due to his reporting of the sexual harassment.

17. As a direct result of the extreme and outrageous treatment to which Plaintiff was subjected by Defendant, Plaintiff has suffered physical and emotional symptoms that continue through the present.

## FIRST CLAIM FOR RELIEF
## (SEXUAL HARASSMENT IN VIOLATION OF TITLE VII)

18. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and further states as follows:

19. By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected, and a hostile work environment was created, due to the on-going sexual harassment directed towards him.

20. By and through, but not limited to, the actions described above, Defendant has violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.§§ 2000e, *et seq*.

21. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain,

anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

22. Defendant's actions were wilful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to him.

23. Plaintiff has been injured by this sexual harassment, and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (SEXUAL HARASSMENT IN VIOLATION OF OKLAHOMA ANTI-DISCRIMINATION ACT)

24. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and further states as follows:

25. That Plaintiff is a member of a protected class, to wit: male.

26. That Oklahoma law prohibits sex discrimination, harassment and retaliation in the workplace (as set forth in the OADA, 25 O.S. § 1302, et. seq.), and permits an aggrieved employee to bring a claim against an employer for permitting sex discrimination, harassment and retaliation.

27. That Plaintiff was discriminated against and harassed due to his sex and retaliated against during his employment as prohibited by the OADA.

28. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts.

29. That the conduct complained of constitutes illegal sex discrimination and retaliation in violation of the OADA, 25 O.S. § 1302, et. seq.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (RETALIATION IN VIOLATION OF TITLE VII)

30. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

31. That as a direct and proximate result of reporting of the sexual harassment he was being subjected to by Defendant's agents and/or employees, Plaintiff was retaliated against by Defendant.

32. By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected due to the on-going retaliation directed towards Plaintiff.

33. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

34. Defendant's actions were wilful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to Plaintiff.

35. Plaintiff has been injured by the retaliation he was subjected to and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (NEGLIGENT SUPERVISION)

36. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

37. That Defendant knew or should have known that Defendant's agents and employees had a propensity for sexually harassing employees, as demonstrated by previous complaints made against that employee by Plaintiff, and others, and the observations of its management and/or supervisory employees.

38. That at the time Defendant's agent and employee was sexually harassing Plaintiff, Defendant had reason to believe that this employee would create an undue risk of harm to others.

39. That Defendant failed to act upon this belief.

40. That Plaintiff was injured because of Defendant's failure to act.

41. That Plaintiff's injuries are a direct and proximate result of Defendant's failure to act.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiffs' rights; for an award to Plaintiff for compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

HALL, NALLEY & HOLLOWAY, PLLC

____/s/ Terry A. Hall_____
Terry A. Hall, OBA #10668
4000 N. Kickapoo
Shawnee, Oklahoma 74804
(405) 275-5242
(405) 260-9330 (facsimile)
thall@okhnhlaw.com

Attorneys for Plaintiff