# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

EDWON KYSER, )
)
          Plaintiff, )
)
v. ) Case No. CIV-16-542-KEW
)
D.J.F. SERVICES, INC., )
a foreign for profit )
corporation, )
)
          Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Judgment on the Pleadings (Docket Entry #29). Plaintiff initiated this action on December 8, 2016, seeking recovery under Title VII of the Civil Rights Act and the Oklahoma Anti-Discrimination Act ("OADA") based upon the alleged sexual harassment which he contends occurred while he was employed by Defendant. Specifically, Plaintiff's Complaint included the following claims:

- First Claim – Sexual Harassment in violation of Title VII;
- Second Claim – Sexual harassment in violation of the OADA;
- Third Claim – Retaliation in violation of Title VII; and
- Fourth Claim – Negligent supervision.

Plaintiff included a claim for punitive damages among the monetary recovery sought for these alleged violations.

Defendant filed the subject request for judgment on the pleadings, asserting that the OADA by its terms represents the exclusive remedy under Oklahoma law for employment discrimination. Okla. Stat. tit. 25 §§ 1101(A), 1350(A). As a result, Defendant seeks judgment on the pleadings in its favor for the claims

asserted by Plaintiff for negligent supervision, any Burk related claim, and any damages not specified in the OADA.

Plaintiff responds that he will not seek relief under his stated Fourth Claim - Negligent supervision, will not seek damages under his Second Claim - Sexual harassment in violation of the OADA which are not specified by the statute, and will not pursue a Burk claim.

Defendant bases its motion in Fed. R. Civ. P. 12(c) for judgment on the pleadings. In assessing a request for judgment on the pleadings, the court is required to "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings" in that party's favor. Sanders v. Mountain America Federal Credit Union, 689 F.3d 1138, 1141 (10th Cir. 2012) quoting Park Univ. Enters., Inc. v. Am. Cas. Co., 442 F.3d 1239, 1244 (10th Cir. 2006)(negative history reported on other point of law). Judgment on the pleadings is appropriate only when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." Id. (quotations omitted).

Generally, "a motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000). The distinction is drawn only in the timing of the filing - a motion for judgment on the pleadings is filed if an answer has already been filed while a motion to dismiss is filed before a defendant has answered. Fed. R. Civ. P. 12(c).

As a result, Plaintiff's Amended Complaint must meet the plausibility standard set forth in United States Supreme Court cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Bell Atlantic stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atlantic, 550 U.S. at 570.

Given Plaintiff's admission in his response, his Fourth Claim, assertion of damages outside of the OADA, and a Burk claim, to the extent one was asserted, are not plausible and judgment should be entered in favor of Defendant.

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment on the Pleadings (Docket Entry #29) is hereby **GRANTED**. Plaintiff's Fourth Claim - Negligent supervision, claim for damages outside of backpay and liquidated damages authorized by the OADA, and Burk claim, to the extent one was asserted, are hereby **DISMISSED WITH PREJUDICE**. An appropriate final judgment will be entered reflecting this ruling at the conclusion of this case.

IT IS SO ORDERED this 31st day of October, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE